UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ZEPEDA; OTILIA A. ZEPEDA; and ANA I. BODDEKER,<br><br>        Plaintiff(s),<br><br>    v.<br><br>WASHINGTON MUTUAL BANK, F.A.; CALIFORNIA RECONVEYANCE COMPANY; DEBORAH BRIGNAC; BANK OF AMERICA, N.A.; QUALITY LOAN SERVICE CORPORATION; FIDELITY NATIONAL TITLE INSURANCE CO.; JP MORGAN CHASE BANK, N.A.; AND, JOHN AND JANE DOES 1-5,<br><br>        Defendant(s). | CASE NO. SACV 10-0243 DOC(MLGx)<br><br>O R D E R TO SHOW CAUSE |

_____

      Plaintiffs filed the operative Complaint in this Court on March 1, 2010. The Complaint arises out of the alleged execution of a Notice of Trustee Sale for real property in Newport Beach, California. Plaintiffs Rene Zepeda and Otilia A. Zepeda are the owners and

1  occupants of the property and Plaintiff Ana I. Boddeker is a joint tenant.  *See* Compl. ¶¶ 1-2.
2  Plaintiffs purport to have filed the lawsuit *pro per*, but it is unclear whether named Plaintiffs Ana
3  Bodekker and Otilia Zepeda have even consented to being named Plaintiffs, since Plaintiff Rene
4  Zepeda signed on behalf of both individuals.  Plaintiff Rene Zepeda is reminded that as a *pro se*
5  she cannot represent other individuals.  *See* Fed. R. Civ. P. 11(a).  Nor is Plaintiff Rene Zepeda
6  permitted to sign the Complaint on behalf of the other named *pro se* Plaintiffs under Local Rule
7  11-1, which provides that "[a]ll documents, except declarations, shall be signed by the attorney
8  for the party or the party appearing *pro se*.  The name of the **person signing the document** shall
9  be clearly typed below the signature line."  *See* Local Rule 11-1.

10  The Complaint also fails to plainly state the "statutory or other basis for the
11  exercise of jurisdiction by this Court" in the first paragraph (as required) or any other paragraph
12  of the Complaint.  *See* Local Rule 8-1.  Though the Court acknowledges that the purported
13  Plaintiffs' *pro se* status entitles them to tremendous deference in the construal of their pleading,
14  that does not allow the Court to exercise jurisdiction where it does not exist.  Indeed, it is the
15  Court's duty to independently examine whether its exercise of jurisdiction is proper.  *See Mt.*
16  *Healthy City Sch. Dist. Bd. of Educ v. Doyle*, 429 U.S. 274, 278, 97 S.Ct. 568 (1977).  Though
17  the Complaint alleges that the original deed of trust for the subject property, as well as the
18  executed Notice of Trustee Sale, violated Plaintiffs' due process rights, the Ninth Circuit has
19  held that foreclosure actions do not give rise to due process claims.  *See Apao v. Bank of New*
20  *York*, 324 F.3d 1091, 1095 (9th Cir. 2003); *see also Morse v. North Coast Opportunities, Inc.*,
21  118 F.3d 1338, 1340 (9th Cir. 1997) ("Individuals and private entities are not normally liable for
22  violations of most rights secured by the United States Constitution."); *see also Am. Bankers*
23  *Mortg. Corp. v. Federal Home Loans Mortg. Corp.*, 75 F.3d 1401, 1406 (9th Cir. 1996) (holding
24  that the "Fifth Amendment Due Process Clause applies only to the federal government").
25  / / /
26  / / /
27  / / /
28  / / /

1  For the foregoing reasons, the Court hereby ORDERS Plaintiffs to show cause in
2  writing, on or before June 19, 2010, as to why: (1) this case should not be dismissed for the
3  Complaint's failure to comply with Local Rules 11-1 and 8-1; and (2) this case should not be
4  dismissed for lack of subject matter jurisdiction.

7  IT IS SO ORDERED.
8  DATED: June 7, 2010

          *David O. Carter* (signature)
          DAVID O. CARTER
          United States District Judge